F. W. Hutchison, Minister of the Interior, *v.* J. Dawson and J. Ritson.

Honolulu, December 26th, 1867.

## SUPREME COURT—IN BANCO.

*Allen, Ch. J., Davis, J.*

F. W. HUTCHISON, MINISTER OF THE INTERIOR, *vs.* JAMES DAWSON AND JOHN RITSON.

IN A STATUTE BOND conditioned to sell liquor according to the law, and otherwise to forfeit the penalty "upon proof being made to the satisfaction of a common magistrate without the intervention of a jury," the judgment of forfeiture must be made by such magistrate having ORIGINAL JURISDICTION of all complaints for violation of LICENSE LIQUOR LAWS.

Chief Justice ALLEN delivered the opinion of the Court.

The Minister of the Interior claims of Jas. Dawson and John Ritson, defendants, one thousand dollars, it being the penalty forfeited, as he alleges, on a bond executed by them to the said Minister, the condition of which is as follows: "That whereas the above bounden principal has this day applied for a license to vend spirituous liquors in accordance with Section 4 of the law enacted on the 23d day of August,

1862, and has complied with all the requisitions of said law, and has consequently become entitled to a license to vend spirituous liquors, in accordance with the statute in such case made and provided, for the term of one year from date. Now, therefore, if during the continuance of this license the said James Dawson shall not contribute to the violation of any of the laws of this Kingdom, nor violate any of the conditions of this license, copy of which is hereto annexed, then this obligation shall be void. Otherwise, upon proof being made to the satisfaction of a common magistrate, without the intervention of a jury, the penalty mentioned in this bond shall be forfeited, and the license of the said James Dawson this day granted shall be void.

" Given under our hands and seals the day and year above written.

(Signed)      JAMES DAWSON,<br>JOHN RITSON.

" Signed in the presence of      H. A. WIDEMANN."

The plaintiff further alleges that on the 8th day of November last past, proof was made to the satisfaction of John Montgomery, Esq., Police Magistrate of Honolulu, that the said Dawson, the principal in said bond, had contributed to the violation of a law of this Kingdom during the continuance of his said license, whereby the penalty on said bond becomes due and owing.

The defendants plead to the jurisdiction of the Court, and allege for cause that " under the statutes of this Kingdom, summary jurisdiction is given to a common magistrate without the intervention of a jury, and further, that under the conditions of the bond the defendants agree to abide by the decision of a common magistrate without the intervention of a jury."

It is contended by the counsel for defendants, that the statute has fixed the tribunal before whom this case in the first instance must be brought, first on the ground that this

F. W. Hutchison, Minister of the Interior, *v.* J. Dawson and J. Ritson.

is the purport of its terms, and second, that it is in accordance with the practice which has obtained, since the statute of 1846, which contained the same provision in similar language. Third, that when a judicial tribunal assumes jurisdiction, it is its duty to proceed to judgment, and that its action cannot be limited, or its jurisdiction divided.

The Attorney General joins issue on the points made, and contends that if the practice has been as alleged, that it is not in accordance with the law, and should be reformed. The practice under the law of 1846 was the same as it has been under the law of 1862, and all cases for the violation of the license law, and for a forfeiture of the bond were brought before a magistrate. Had not this been the true intent and meaning of the law of 1846, it would doubtless have been reformed, since the subject matter has been repeatedly before the Legislature, and especially when there was a revision of the law in 1862. We have then not only the repeated recognition of this practice by the courts, but a virtual approval of this construction of the law by the Legislature itself.

In the case of Rex *vs.* Gillingham, [2 Haw. Rep., 781,] which was a complaint for the sale of spirituous liquors without a license, the counsel for respondent contended that the Court erred in deciding that the District Justice of Koloa had summary jurisdiction to convict, and that it was a violation of the Constitution, which declared that the right of trial by jury, in all cases in which it has heretofore been used in this Kingdom, shall remain inviolable forever.

By the law of 1846, this class of cases was submitted to a magistrate without the intervention of a jury, and the Court gave the opinion that it had been the usage to try complaints of this character without the intervention of a jury, and therefore the District Justice had not erred.

If there is anything settled by uniform practice in the courts, it is that the defendant in this case has a right, by the terms of the bond, to the decision of the magistrate.

F. W. Hutchison, Minister of the Interior, *v.* J. Dawson and J. Ritson.

The bond is part and parcel of the law, and both parties have their rights under it.

The language has been regarded as sufficiently explicit, for the construction given to it more than twenty years ago has obtained to the present moment, but whatever criticism may have originally been made upon it, it has received a judicial construction which has been practically regarded by the Legislature in their action upon the general law from time to time, and which it is the duty of the Court to regard.

The Attorney General contends that this case is analogous in principle to that of Woesley *vs.* Wood and others, 6 Term Rep., 710. This was an action of Covenant on a policy of insurance. It appeared by the proposals of the company that the persons insured shall among other things procure a certificate of the minister, church-wardens, or some reputable house-holders of the parish, importing that they knew of the character of the assured, that they believed that he really sustained the loss and without fraud. In this case it was held that the procuring such a certificate was a condition precedent to the right of the assured to recover, and that it was immaterial that the minister and others refused to sign the certificate.

The Attorney General considers it also analogous to a stipulation in a compact for building, where it is agreed that the question of its fulfillment shall be submitted to an architect.

In the cases referred to, neither the minister of the parish nor the architect was invested with judicial authority, and had none of the powers or obligations of the judicial office, as the magistrate has. They had no authority to pass judgment on the matters submitted to them, and issue execution for the amounts claimed. The one had the powers of a referee by agreement of parties; the other had full jurisdiction of the matter by the general provisions of law, as well as by the special terms of the bond.

F. W. Hutchison, Minister of the Interior, *v.* J. Dawson and J. Ritson.

By the law of 1860 jurisdiction was given to the District Justices and Police Magistrates to hear and determine, subject to appeal, all complaints for violations of the license law, without limit in respect to the amount of penalty imposed for such violation.

The section of the Code containing the bond has as much force as any of the other sections; it may be declared to be a law which provides the course of proceedings, and probably it was originally inserted in the law of 1846, to prevent diplomatic interference in cases of this character tried before a magistrate without the intervention of a jury. Had the party procuring the license not agreed to this provision, the right of trial by jury would have been considered as sacrificed if it had been denied him.

If the construction should obtain as contended for by the Attorney General, it would present the anomaly of one court, with full jurisdiction on the subject matter, finding the facts and then subjecting the same for judgment to another, and this without the legal authority in the latter to examine into the proof. It would be virtually a ministerial duty.

Suppose, for example, that the bond had provided that proof should be made of a violation of some law, to the satisfaction of the Supreme Court without the intervention of a jury, and in that event, the penalty should be forfeited and the license declared void, it would not then be contended that the only duty of that Court was to find the fact of the violation. It would be clearly their duty to proceed to judgment.

It appears to the Court equally clear that this was the duty of the magistrate. The Attorney General contends, further, that the bond has not the force of a statute. The Court regard it as a material part of the enactment, and that it confers rights on the parties which the judicial authority must regard. Supposing the provision had been made, to the satisfaction of a common magistrate with the intervention of a

jury, would it be for a moment contended that the only duty the magistrate and jury had was to find the fact of a violation of law, and to certify the same to some other tribunal? And when we take into consideration the enlarged jurisdiction of the common magistrate upon questions of this character, it conforms to the symmetry of our legislation to give this construction to the provisions of the bond.

It has proved a salutary provision. It has made the process more summary, and the costs much less, than a trial before the Supreme Court, and both parties have a right, as we think, to this opportunity of settling their differences. The object of this provision was very clear, and to us it seems very judicious to afford the earliest means for an adjudication of the complaint for a violation of the bond, and if so found, the license would then be declared void. There is a right of appeal, but in cases where the proof is positive, this right would doubtless be waived to save expense. The plea to the jurisdiction is adjudged good, and the Court orders the case dismissed.

Mr. Attorney General Phillips for plaintiff.

Mr. Stanley for defendants.

Honolulu, January 29th, 1868.